**398**

Arthur L. CHRISTOFFERSEN and
Theresa A. Christoffersen,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. C 82–206.

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Feb. 3, 1984.

Thos. M. Collins, Cedar Rapids, Iowa, Arthur S. Rollin, William A. Schmalzl, Thomas Durham, Chicago, Ill., for plaintiffs.

Ludwig H. Adams, Dept. of Justice, Tax Div., Washington, D.C., Evan Hultman, U.S. Atty., Cedar Rapids, Iowa, for defendant.

F. Timothy Hegarty, Jr., Christopher J. Palano, Michael E. Sheehy, Asst. Atty. Gen., Ins. Div., Public Protection Bureau, Boston, Mass., amicus curiae.

## ORDER

McMANUS, Chief Judge.

This action for the recovery of federal income taxes paid for the year ending December 31, 1981 was tried to the court on November 21, 1983. All proposed findings of fact and conclusions of law have been received, considered along with the entire record and the court now makes the following:

## FINDINGS OF FACT

1. Plaintiffs, husband and wife, are calendar year taxpayers on a cash basis who have resided in Cedar Rapids, Linn County, Iowa, at all times material.

2. Defendant is the United States of America, Internal Revenue Service.

3. Plaintiff Arthur Christoffersen (Christoffersen) entered into a "Pacific Variable Annuity Contract" with Pacific Fidelity Life Insurance Company (Pacific) on October 15, 1981.

4. The contract provided that in return for a single payment of $50,000.00 by Christoffersen, Pacific would make variable annual payments based on the investment experience of the corpus and not guaranteed as to fixed dollar amount to him beginning November 1, 2021 and continuing for the balance of his life.

5. In calendar year 1981 the contract earned $1,532.00.

6. Plaintiffs included the above amount in their ordinary income and were taxed accordingly. Plaintiffs subsequently filed an amended return seeking a refund of $647.00 for overpayment of taxes. The request for refund was denied.

7. Plaintiff had the right to surrender his contract to the insurance company at any time and receive the net asset value less a $10.00 service charge.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter. 28 U.S.C. § 1346(a).

2. The contract is an annuity pursuant to 26 U.S.C. § 801(g) qualifying for deferred taxation under 26 U.S.C. § 72. *Investment Annuity, Inc. v. Blumenthal*, 442 F.Supp. 681, 689 (D.C.D.C.1977).

It is therefore

ORDERED

The clerk shall enter judgment for plaintiffs in the amount of $647.00 plus interest as allowed by law.